IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 MAY -5 P 4: 24

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

JEROME FREDDIE MORRIS, JR. #43935037 *

Petitioner                                *

v                                         *     Civil Action Case No. RDB-11-828

UNITED STATES OF AMERICA                  *

Respondent                                *
                                        ***

## MEMORANDUM OPINION

Pending is Jerome Freddie Morris' (Morris) challenge to the execution of his term of confinement.[1] For the reasons that follow, the case will be transferred to the United States District Court for the District of New Jersey.

Morris, a federal prisoner confined at the Federal Correctional Institution-Fort Dix, is challenging a determination about his assignment to twelve-month home detention. Although Morris, who is self-represented, characterizes his motion as filed under Rule 60 (b) (1), (5) and (6) of the Federal Rules of Civil Procedure, he provides neither factual nor legal basis for rule 60(b) review [2] and his claims are more properly raised by way of a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *See e.g. Atehortua v. Kindt*, 951 F.2d 126, 129–30 (7th Cir.1991) (calculation and manner of execution of term of imprisonment reviewed under §2241). This petition will be so considered.

---

[1] On November 4, 2009, Morris was sentenced to twenty-four months incarceration after he pleaded guilty to conspiracy to import cocaine and heroin in violation of 21 U.S.C. § 963 in *United States v. Morris*, Criminal Action No. RDB-09-05 (D. Md.).

[2] Further, Rule 60(b) authorizes a court to "relieve a party from a final judgment for certain enumerated reasons." Fed. R. Civ. P. 60(b). Morris is not asking for relief from a final judgment but instead takes issues with an administrative determination by the Bureau of Prisons.

A § 2241 action is generally filed in the district court where a petitioner is in custody. *See* 28 U.S.C. § 2241(a); *see also Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973). In this case, Morris is in the custody of the Warden at FCI Fort Dix. As that facility is located within the jurisdiction of the United States District Court for the District of New Jersey, this matter will be transferred to that court for all proceedings that may be appropriate.[3] A separate Order follows.

MAY 4, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3] Morris has neither submitted the $ 5.00 filing fee for § 2241 petitions nor moved to proceed in forma pauperis. While this Court will transfer this matter to the proper jurisdiction, the Court notes that before initiating a § 2241 action, a petitioner is required to exhaust administrative remedies. Morris does not state whether he has exhausted his claims through the Bureau of Prisons administrative grievance process.